IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES JOHNSON,<br>       Plaintiff, | * |
| v. | *<br>CIVIL ACTION NO. JFM-06-85 |
| W. B. BRADLEY, et al.,<br>       Defendants. | *<br>* |

******

## MEMORANDUM

On January 11, 2006, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983 seeking money damages. Counsel for defendants has filed a Motion to Dismiss (Paper No. 12) and plaintiff has responded. Paper No. 14. No hearing is needed to resolve the pending motion, which will be granted in part and denied in part. *See* Local Rule 105.6 (D. Md. 2004).

### 1. Factual Background

Plaintiff states that on August 8, 2003, while walking down Madison Street in Baltimore City, Maryland, to pick up his daughter from day care, he "was violently tackled from behind" by the individually-named defendants, employees of the Baltimore City Police Department. He states that he was thrown to the ground with sufficient force to cause lacerations to his face and dislocate his elbow. He was placed under arrest and transported to the Central Booking Inmate Facility, where he was denied medical care for his injuries for several hours. Plaintiff claims that the arresting officers used excessive force during his arrest and that the arrest itself was "illegal." Paper No. 1. Plaintiff further states that the criminal charges lodged against him were ultimately dismissed. *Id* Plaintiff claims that the officers conspired to deprive him of his civil rights and discriminated against him. Paper Nos. 1 and 4.

### 2. Standard of Review

A court may dismiss a complaint only if it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss. *See Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

### 3. Analysis

*A.     Institutional Defendants*

Defendants properly construe plaintiff's amended complaint as if he made claims against the City of Baltimore and the Baltimore City Police Department (the "institutional defendants").[1] Paper No. 12. Municipalities are only liable for § 1983 violations if the alleged unconstitutional act was caused by an official policy or custom. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Municipal policy arises from written ordinances, regulations, statements of policy, *id*. at 690, decisions by municipal policy makers, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986), and omissions by policy makers that show a "deliberate indifference" to the rights of citizens. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The Supreme Court and the Fourth Circuit have repeatedly observed that proof of a single violation is insufficient to support the inference that the alleged constitutional violation resulted from a municipal policy, custom or

---

[1] The Clerk shall be directed to amend the docket to reflect that the City of Baltimore and Baltimore City Police Department are defendants in this case.

practice. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 821 (1985); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999); *Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999); *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987).

Affording the complaint and amended complaint a generous construction, the undersigned finds that they fail to allege injury resulting from written regulation or government policy of inadequate training or supervision amounting to deliberate indifference to the rights of persons with whom the police come in contact. Under the liberal system of "notice pleading" established by Rule 8(a)(2) of the Federal Rules of Civil Procedure, plaintiff's pleading is insufficient to withstand dismissal as to the City of Baltimore and the Baltimore City Police Department.

### B.     *Individual Defendants*

Defendants argue that plaintiff has failed to state a claim against the named police officers. Paper No. 12.  Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *See Graham v. Connor*, 490 U. S. 386, 395 (1989). This "requires balancing the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) (citation omitted). Factors to be included in making this determination include the severity of the crime, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "from the perspective of a reasonable officer on the scene." *Id*.

Plaintiff states he was walking down the street when he was tackled from behind by defendants. He states he was injured during the arrest and that ultimately the charges against him were dismissed. Defendants have not, to date, countered plaintiff's version of events. In light of the foregoing, the court finds that plaintiff has stated a sufficient claim to withstand the defendant's

motion to dismiss filed on behalf of the individually-named defendants.

### C. *Qualified Immunity*

The officers' claim that they are entitled to qualified immunity also fails. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining whether a government official is entitled to qualified immunity however, "[courts] must (1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and (3) evaluate whether a reasonable offic[ial] would have understood that the conduct at issue violated the clearly established right." *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000) (quoting *S. P. v. City of Tacoma Park*, 134 F.3d 260, 265 (4th Cir. 1998)); *see also Vathekan v. Prince George's County*, 154 F.3d 173, 179 (4th Cir. 1998).

The first prong of the test is readily discernable: plaintiff alleges that his right to be free from the excessive use of force was violated. In determining the second prong -- whether that right was clearly established at the time of the arrest – the court must determine whether "the contours of the right" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Tackling an unsuspecting individual from behind on a public street without cause as alleged by plaintiff, appears to violate that indidivual's Fourth Amendment rights. The third prong of the qualified immunity analysis, reasonableness, is an objective standard. *See Anderson v Creighton*, 483 U.S. 635, 638 (1987). The proper inquiry is whether a reasonable officer could have believed the application of force was lawful. *Id.* at 641. Under the facts of this case as stated in the complaint and amended complaint, the court does not find the conduct of the individual defendants to be reasonable under the circumstances.

### 3. Conclusion

For the reasons stated above, defendants' Motion to Dismiss shall be granted as to the institutional defendants and denied as to the individual defendants. A separate Order follows.


October 5, 2006                             /s/
Date                                        J. Frederick Motz
                                            United States District Judge

5

6